CANADY, J.,
dissenting.
Although I agree with the majority’s answer regarding the second certified question, I disagree with its conclusion concerning the first certified question. For the reasons I have expressed in my dissent in Haygood v. State, 109 So.3d 735 (Fla.2013), I conclude that the jury pardon doctrine should be repudiated. Since the majority’s conclusion that Williams is entitled to a new trial rests on the jury pardon doctrine, I dissent.
Here, as in Haygood, there is no eviden-tiary basis for giving an instruction on the one-step-removed lesser included offense. *31 The uncontroverted facts regarding Williams’ sustained and savage attack on the victim belie any suggestion that he lacked the depraved mind requisite for attempted second-degree murder and that a rational jury could have acquitted him of that offense and found him guilty of attempted manslaughter by act. I would therefore reject Williams’ claims of fundamental error. The decision of the Fourth District Court of Appeal affirming Williams’ convictions and sentences should not be disturbed.
POLSTON, C.J., concurs.