IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANGEL MANUEL NIEVES,            )
                                )
            Appellant,          )
                                )
v.                              )        Case No. 2D08-3809
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____ )

Opinion filed August 8, 2014.

Appeal from the Circuit Court for Lee
County; Thomas S. Reese, Judge.

Lee Hollander of Law Offices of Hollander
and Hanuka, Naples, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao, Assistant
Attorney General, Tampa, for Appellee.


              ON REMAND FROM THE SUPREME COURT OF FLORIDA

KHOUZAM, Judge.

            Upon remand from the Florida Supreme Court, we reconsider Angel

Manuel Nieves' conviction for second-degree murder in light of the subsequent decision

in Haygood v. State, 109 So. 3d 735 (Fla. 2013).  Because the giving of the erroneous

instruction on the lesser included offense of manslaughter by act did not pertain to a

disputed element of the offense, we conclude that no fundamental error occurred and

therefore affirm.

In 2008, Nieves was convicted by a jury of second-degree murder and sentenced to life in prison. Without objection, his jury was given the then-standard instructions which were later found to be fundamentally erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010) (Montgomery II). The jury was also instructed on manslaughter by culpable negligence.

But the Florida Supreme Court's decision in Montgomery II had not yet been penned when Nieves filed his direct appeal. At that time, this court had concluded that the instructions were not fundamentally erroneous and had certified conflict with the First District's contrary opinion in Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009) (Montgomery I). See Zeigler v. State, 18 So. 3d 1239, 1245-46 (Fla. 2d DCA 2009), quashed, 75 So. 3d 236 (Fla. 2011). Based on Zeigler, this court affirmed Nieves' judgment and sentence on the grounds that the instruction was not fundamentally erroneous and that his case was distinguishable from Montgomery I because Nieves' jury was also instructed on manslaughter by culpable negligence. Nieves v. State, 22 So. 3d 691, 692 (Fla. 2d DCA 2009).

After the supreme court issued its opinion in Montgomery II finding the instruction fundamentally erroneous, it ordered the State to show cause why the opinion in Nieves' case should not be quashed and remanded for reconsideration in light of this development. Nieves moved the supreme court to retain jurisdiction until it had decided the related issue of whether the instruction on manslaughter by culpable negligence negated the error caused by the fundamentally erroneous instruction. The supreme court granted the request and stayed proceedings in Nieves' case.

Thereafter, the supreme court issued its opinion in <u>Haygood</u>. It held that "giving the erroneous manslaughter by act instruction . . . is also fundamental error even if the instruction on manslaughter by culpable negligence is given where the evidence supports manslaughter by act but does not support culpable negligence and the defendant is convicted of second-degree murder." 109 So. 3d at 737. Consequently, the supreme court quashed this court's opinion in <u>Nieves</u> and remanded for reconsideration in light of <u>Haygood</u>. <u>Nieves v. State</u>, 137 So. 3d 1021 (Fla. 2014) (unpublished table decision).

In <u>Haygood</u>, the supreme court observed that it has "long held that fundamental error occurs in a jury instruction where the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict." 109 So. 3d at 741. The court "reiterated . . . that it is fundamental error to give a standard jury instruction that contains an erroneous statement <u>as to an element of the crime which is disputed</u>." <u>Id.</u> (emphasis added) (citing <u>Reed v. State</u>, 837 So. 2d 366, 369 (Fla. 2002)). Where the defendant concedes the facts of the crime, arguing only that it was committed by somebody else, no such dispute arises. <u>See</u> <u>Battle v. State</u>, 911 So. 2d 85, 89 (Fla. 2005) (citing <u>State v. Delva</u>, 575 So. 2d 643, 645 (Fla. 1991)); <u>see also</u> <u>Morton v. State</u>, 459 So. 2d 322, 324 (Fla. 3d DCA 1984) ("[W]here the only real issue put to the jury for its determination was whether the defendant was the person who committed the conceded [crime], it is inconceivable that the failure to instruct the jury on the elements of [the crime] prejudiced the defendant or that such an instruction would have made any difference in the jury's verdict."). This rule has been specifically applied to the erroneous

manslaughter instruction. See Griffin v. State, 128 So. 3d 88, 90 (Fla. 2d DCA 2013) ("Because there was no dispute regarding the element of intent, the erroneous jury instruction on the intent element of the lesser included offense of manslaughter did not constitute fundamental error."), review granted, No. SC13-2450, 2014 WL 700611 (Fla. Feb. 17, 2014).

Here, Nieves conceded at trial that the victim was murdered but claimed that somebody else did it. His counsel argued during closing that the physical evidence indicated that Mr. Adams, the other man at the scene of the crime, was "the person who killed her. He is the one that cut her throat." Instead of disputing intent, Nieves plainly argued that "Mr. Adams is the perpetrator of this crime." Under these circumstances, because the element of intent was not in dispute at trial, the erroneous manslaughter instruction did not constitute fundamental error and we therefore affirm.

Affirmed.


WALLACE and MORRIS, JJ., Concur.