DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NELSENN SIMON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D08-2903 and 4D08-2904

[February 11, 2015]

***ON REMAND FROM THE FLORIDA SUPREME COURT***

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case Nos. 05-007064 CF10A and 07-006972 CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant, Nelsenn Simon, appealed from a conviction and sentence for second degree murder raising, among other issues, that the trial court gave a fundamentally erroneous jury instruction on the lesser included offense of manslaughter because it included the same intent element of the greater offense of second degree murder. His conviction was affirmed based on this court's opinion in *Singh v. State,* 36 So. 3d 848 (Fla. 4th DCA 2010). *Simon v. State,* 38 So. 3d 793, 795 (Fla. 4th DCA 2010). In *Singh,* where the defendant was prosecuted for first degree murder and convicted of the lesser included offense of second degree murder, we held that the trial court did not fundamentally err in giving the standard jury instruction on manslaughter, which required a jury finding that the defendant "intentionally caused the death" of the victim or that the death of the victim "was caused by the culpable negligence" of the defendant. 36 So. 3d at 851.

The defendant petitioned for review in the Florida Supreme Court. While the petition was pending, the Florida Supreme Court issued its opinion in *Haygood v. State,* 109 So. 3d 735 (Fla. 2013), which effectively quashed our decision in *Singh.* In *Haygood,* the Court held:

> that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.

*Id.* at 743. The Court, by order, then accepted jurisdiction of this case, quashed this court's opinion, and remanded the matter to this court for reconsideration upon application of *Haygood. Simon v. State*, SC10-1684, 2015 WL 128294 (Fla. Jan. 7, 2015).

We need not consider supplemental arguments on remand because the evidence introduced at trial leaves no reasonable possibility for a finding "that the death occurred due to the culpable negligence of the defendant." One witness to the incident testified that the victim said to the defendant, "Whenever you saw me, you would fight with me," and that the defendant responded by stabbing the victim with a broken bottle. Another witness testified that, days before the incident, the defendant informed him he was planning to kill the victim.

In light of *Haygood,* we hold that the trial court fundamentally erred in giving the standard jury instruction on manslaughter by act. We reverse and remand for a new trial on the charge of second degree murder.

*Reversed and remanded with instructions.*

STEVENSON, CIKLIN and GERBER, JJ., concur.

\*     \*     \*

2