NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYREE GLAND, )
)
          Appellant, )
)
v. )     Case No. 2D10-3767
)
STATE OF FLORIDA, )
)
          Appellee. )
)

Opinion filed June 5, 2015.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Charles E. Lykes, Jr., Clearwater, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, and Anne Sheer Weiner,
Assistant Attorneys General, Tampa, for
Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA

DAVIS, CHARLES A., Senior Judge.

        On June 24, 2010, Tyree Gland was adjudicated guilty of second-degree

murder and delinquent in possession of a firearm.  He was sentenced to life in prison for

the murder charge and to a concurrent fifteen-year sentence on the firearm charge.

This court affirmed his convictions and sentences by opinion issued October 5, 2011. Gland v. State, 72 So. 3d 216 (Fla. 2d DCA 2011).

On June 11, 2014, the Florida Supreme Court partially quashed our opinion and remanded the case to this court for reconsideration and application of Haygood v. State, 109 So. 3d 735 (Fla. 2013), to one of the issues raised by Mr. Gland. Gland v. State, 145 So. 3d 824 (Fla. 2014) (table decision).

The issue we must now reconsider involves the giving of the standard jury instruction for manslaughter by act that was determined to be erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010).[1] We previously affirmed Mr. Gland's conviction and sentence for second-degree murder. In doing so, we cited opinions that are no longer good law in light of Haygood, 109 So. 3d 735. Having now reconsidered the facts of the instant case in light of Haygood and the Florida Supreme Court's recent opinion in Griffin v. State, 160 So. 3d 63 (Fla. 2015), we reverse Mr. Gland's judgment and sentence.

Mr. Gland's second-degree murder charge stems from the shooting death of Deandre Brown, a pedestrian who was present for the culmination of a series of altercations that occurred over the course of one night in the streets of St. Petersburg. At trial, Mr. Gland raised a defense of misidentification; he did not deny that the victim died of a gunshot, but he maintained that he was not there or was not the one who fired the fatal shot.

---

[1] In his original appeal, Mr. Gland raised four issues. Our prior opinion affirmed two of the issues without discussion and explained this court's reasoning in affirming the other two issues, one of which is the subject of our current review. We do not further address the other three issues raised by Mr. Gland on appeal as they were fully addressed by our earlier opinion. See Gland, 72 So. 3d 216.

At the conclusion of trial, Mr. Gland requested that the jury be instructed on the lesser included charge of manslaughter. The trial court granted his request and gave standard instructions on both manslaughter by act and manslaughter by culpable negligence. It is undisputed that the standard instruction for manslaughter by act given at Mr. Gland's trial contained erroneous language that required a jury finding that the defendant intentionally caused the death of the victim. Nevertheless, we previously affirmed Mr. Gland's conviction because we concluded that the fact that the manslaughter by culpable negligence instruction also was given sufficiently overcame the error in the manslaughter by act instruction. But in Haygood, the Florida Supreme Court has since concluded that the giving of the culpable negligence instruction is insufficient to cure the fundamental nature of the error unless the facts of a case support the giving of both instructions. 109 So. 3d at 741.

Following Haygood, the supreme court issued Griffin, 160 So. 3d 63, in which the State argued that the erroneous intent language in the instruction on manslaughter by act was not harmful where the appellant's sole defense at trial was mistaken identity and the issue of the intent of the actual perpetrator was not contested by the defendant at trial. The supreme court rejected this argument, concluding as follows:

> In the present case, other than the fact that [the victim] was shot, Griffin did not concede any other elements of the crime charged; he simply contested his identity as the perpetrator. . . . Thus, we conclude that intent remained a matter that was pertinent or material to what the jury must consider in order to convict Griffin of the crime charged or a lesser included offense, notwithstanding his claim of misidentification.

Id. at 69.

Although the facts of <u>Griffin</u> are somewhat different than those in the instant case, the reasoning applied in <u>Griffin</u> compels the same result here where Mr. Gland too challenged only his identity as the perpetrator but did not concede any other elements of the charged offense. We therefore conclude that the trial court committed fundamental error in giving the standard jury instruction on the lesser included offense of manslaughter by act. Mr. Gland's defense did not remove the intent issue from the jury's consideration, and the giving of the instruction on manslaughter by culpable negligence was not sufficient to correct the error. <u>See</u> <u>Haygood</u>, 109 So. 3d at 741. Accordingly, we reverse Mr. Gland's conviction for second-degree murder and remand for new trial on this charge.

Reversed and remanded.


ALTENBERND and WALLACE, JJ., Concur.