# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2501
Lower Tribunal No. 07-26997

_____

**Chance Dawkins,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.


A case of original jurisdiction—Habeas Corpus.

Chance Dawkins, in proper person.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for respondents.

Before SUAREZ, EMAS, and FERNANDEZ, JJ.

SUAREZ, J.

ON MOTION FOR REHEARING OR CLARIFICATION

The State of Florida moves for rehearing or clarification of the May 28, 2014 opinion granting Chance Dawkins' petition for writ of habeas corpus and remanding for a new trial. We grant the State's motion for rehearing, withdraw the prior opinion and substitute the following in its place:

Chance Dawkins petitions for writ of habeas corpus alleging ineffective assistance of appellate counsel where counsel failed to move for rehearing based on Haygood v. State, 109 So. 3d 735 (Fla. 2013).[1] Dawkins argues that his second degree murder conviction must be reversed because the manslaughter by act instruction read to the jury was the same instruction held to be fundamentally flawed under State v. Montgomery, 39 So. 3d 252 (Fla. 2010)[2] and that pursuant to

---

[1] The basis of Dawkins' habeas petition is appellate counsel's failure to move for rehearing within fifteen days of this Court's affirmance in Dawkins' direct appeal, based on Cubelo v. State, 41 So. 3d 263, 267–68 (Fla. 3d DCA 2010) and Haygood v. State, 54 So. 3d 1035, 1036–38 (Fla. 2d DCA 2011). Both of those cases were subsequently quashed and remanded for consideration in light of Haygood v. State, 109 So. 3d 735 (Fla. 2013). We agree with Dawkins that his appeal was in the Haygood "pipeline" during the fifteen-day rehearing window. See Mitchel v. Moore, 786 So. 2d 521, 530 (Fla. 2001) (recognizing that the "pipeline" theory allows a defendant to seek application of a new rule of law if the defendant's case is pending on direct review or not yet final at the time the new rule of law was announced).

[2] In State v. Montgomery, 39 So. 3d 252, 256 (Fla. 2010), the Supreme Court of Florida held that "the crime of manslaughter by act does not require proof that the defendant intended to kill the victim." The court further held that giving the then-standard jury instruction for manslaughter by act, which required such proof, constitutes fundamental error when a defendant is convicted of an offense one step removed from that offense. Id. at 256–59.

2

<u>Haygood</u>, the additional instruction on manslaughter by culpable negligence did not cure the error. We deny the petition.

The <u>Haygood</u> Court held that

> giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.

<u>Haygood</u>, 109 So. 3d at 741-743. Thus, when there is no evidence that can reasonably support a finding of culpable negligence the instructional error is fundamental. <u>Id.</u> at 743 [emphasis added]. Upon review of the record in Dawkins' case, there was conflicting testimony regarding intent, and although Dawkins did not rely on a culpable negligence defense, the record shows there existed, in all of the disputed evidence below, some evidence from which the jury reasonably could have found Dawkins guilty of manslaughter by culpable negligence, in contrast to the facts in <u>Haygood</u>. <u>See</u> <u>Smith v. State</u>, 145 So. 3d 972 (Fla. 1st DCA 2014) (holding that where there was no evidence from which the jury could find the defendant guilty of the lesser included offense of manslaughter by culpable negligence, <u>Haygood</u> is controlling); <u>Hill v. State</u>, 124 So. 3d 296, 302 (Fla. 2d DCA 2013) (holding that although the evidence was sufficient to sustain the jury's verdict for attempted second-degree murder, "the jury was deprived of

the ability to decide whether [Mr. Hill's] lack of intent to kill, when considered with all the other evidence, fit within the elements of the offense of [attempted] manslaughter."). With that in mind, where the jury was also instructed in manslaughter by culpable negligence *and the evidence could reasonably support so finding*, the error in giving the flawed Montgomery manslaughter by act instructions was not per se fundamental error. We conclude Haygood is not applicable to these facts, and therefore deny the petition for Habeas Corpus.

4