LAMBERT, J.,
concurring and concurring specially.
Because we are obligated to follow the Florida Supreme Court’s opinions in State v. Montgomery, 39 So.3d 252 (Fla.2010), *1157 and Haygood v. State, 109 So.3d 735 (Fla.2013), and additionally, a failure to grant Defendant a new trial after previously granting his brother a new trial would be difficult to reconcile, I concur with the majority opinion. Nevertheless, I agree with Justice Canady’s dissenting opinion in Haygood and specifically with his following observation:
In any case where the evidence supports the jury’s verdict of guilt on the charged offense and no error was made in the instructions regarding that offense, it is hard to fathom how an error in an instruction regarding a lesser included offense would properly be considered an error without which “a verdict of guilt could not have been obtained.”
Haygood, 109 So.3d at 749 (Canady, J., dissenting).
Here, Defendant was charged with first-degree murder. The jury found him guilty of second-degree murder, and the evidence at trial readily supported Defendant’s conviction. Moreover, the jury instruction for second-degree murder was accurate. Accordingly, but for Montgomery and Hay-good, I would affirm defendant’s conviction and sentence because, in my view, though the use of the manslaughter by intentional act instruction was error, it was not fundamental error.