ON REMAND

LOGUE, J.
This case returns to us on remand following the Florida Supreme Court’s decisions in State v. Montgomery, 39 So.3d 252 (Fla. 2010), and Haygood v. State, 109 So.3d 735 (Fla. 2013). Willie Lumsdon, the defendant, argues that his second-degree murder conviction must be reversed because the standard manslaughter by act instruction read to the jury was the same instruction held to be erroneous in Montgomery.[1] The State agrees the instruction was erroneous. Citing to Dawkins v. State, 170 So.3d 81 (Fla. 3d DCA 2015), however, the State contends that the error was cured because the jury was also instructed on manslaughter by culpable negligence and the evidence could reasonably support so finding.[2] We agree with the defendant. Because he objected to the erroneous instruction on manslaughter by act, and the State cannot show that the error was harmless beyond a reasonable doubt, we reverse and remand for a new trial on second-degree murder. See Haygood, 109 So.3d at 742; Montgomery, 39 So.3d at 259.
The State’s reliance on Dawkins is misplaced. In Dawkins, the defendant did not object to the erroneous instruction. For this reason, the erroneous instruction was reversible only if it reflected fundamental error—error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. Dawkins held that, where the jury was also instructed on manslaughter by culpable negligence and the evidence could reasonably support a finding of culpable negligence, the erroneous instruction on manslaughter by act was “not per se fundamental error.” 170 So.3d at 83. The determination that the error was not fundamental falls far short of holding the error was not harmful.
By contrast, here, the defendant objected to the flawed instruction on manslaughter by act. This objection preserved the issue for appeal and triggered the harmless error analysis, which places the heavy burden on the State, as the beneficiary of the error, to show “no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986); see also Barnes v. State, 108 So.3d 700, 703 (Fla. 1st DCA 2013) (‘Where a trial court erroneously fails to give a requested special instruction that it should have given, and the requesting party makes a contemporaneous objection, the State has the burden, as the beneficiary of the error, to prove beyond a *932 reasonable doubt that it was harmless error not to give the instruction.”). In this case, the State cannot meet its heavy burden because the flawed instruction pertained to a disputed element of the offense (the defendant’s intent) and the defendant was convicted of a crime only one step removed from the necessarily lesser included offense of manslaughter by act. See Haygood, 109 So.3d at 742; Montgomery, 39 So.3d at 259; Molina v. State, 150 So.3d 1280, 1284 (Fla. 3d DCA 2014) (“[U]nder Haygood, where there are more than one lesser included offenses that are no more than one step removed from the crime for which the defendant is convicted, a trial court’s correct instruction on one does not cure or render harmless an erroneous instruction on another.”).
Affirmed in part, reversed in part, and remanded for a new trial.[3]
SHEPHERD, J., concurs.

. The standard jury instruction for manslaughter by act has since been amended to exclude the element of "intent to kill." In re Amendments to Standard Jury Instructions in Criminal Cases—Instruction 7.7, 75 So.3d 210, 211 (Fla. 2011). The trial court did not have the benefit of this change at the time it rendered its decision.

, The defendant requested the instruction on manslaughter by culpable negligence. The evidence supported that instruction, as well as an instruction on second-degree murder and manslaughter by act, which was requested by the State.

. We affirm without discussion the • defendant’s conviction of throwing a deadly missile.