PARIENTE, J.,
concurring in part and dissenting in part.
I concur in answering the certified question in the affirmative by concluding that manslaughter is a lesser included offense of second-degree murder. I dissent, however, from the decision to approve “the result of the Fourth District’s decision to affirm Dean’s convictions.” Majority op. at 425. Under our case law, the trial court’s error in failing to instruct the jury on manslaughter, a category one lesser included offense of second-degree felony murder, is per se reversible. Accordingly, I would quash the Fourth District’s decision in Dean v. State, 199 So.3d 932 (Fla. 4th DCA 2016), and remand for a new trial.
In State v. Montgomery, 39 So.3d 252, 259 (Fla. 2010), this .Court unanimously held that, “[a]t trial, the jury must be instructed on category one lesser included offenses.” See Haygood v. State, 109 So.3d 735, 742 (Fla. 2013). Indeed, Justice Pol-ston’s concurring opinion recognizes this Court’s long-standing precedent that a “trial court’s failure to give a requested jury instruction on a necessarily lesser included offense one step removed from the charged offense is per se reversible error.” Concurring op. at 425 (Polston, J., concurring) (citing State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978)). As this Court explained in Abreau:
Only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible. Where the' omitted instruction relates to an offense two or more steps removed, ... reviewing courts may properly find such error to be harmless.
363 So.2d at 1064. Therefore, because the majority answers thé certified question in the affirmative, a harmless error analysis is unnecessary, and our precedent compels us to reverse Dean’s conviction and remand for a new trial. See Haygood, 109 So.3d at 743; Montgomery, 39 So.3d at 260.
Notwithstanding our precedent directing that this error is per se reversible, Justice Lawson would now adopt Justice Canady’s dissenting opinion in Haygood, which Justice Polston joined, concluding that the unreasonableness of Florida’s jury pardon power directs that harmless error is the proper analysis in this context. 109 So.3d at 746 (Canady, J., dissenting). Justice Quince, who concurs in the result of affirming the conviction because she would not find manslaughter to be a lesser included offense, recognizes that “if manslaughter by act is a necessarily included offense, the appropriate remedy is to remand for a new trial” based on well-established and recently affirmed precedent. See concurring in result only op. at 428 (Quince, J., concurring in result only).
Further, not only is the error per se reversible but, under the facts of this case, it is not “beyond any doubt that no rational juror, acting on the basis of the facts and a correct understanding of the law, could determine the defendant to be guilty of the lesser offense and innocent of the charged offense.” Haygood, 109 So.3d at 746 (Cana *430 dy, J., dissenting). This is not a jury pardon case, as Justice Polston’s concurring opinion suggests. Concurring op. at 425 (Polston, J., concurring). Dean left the scene of the burglary and drove away before his codefendant, Flint, was killed by the victim, Marlow, who disregarded the 911 operator’s instructions to stop following Dean and Flint onto 1-95. Majority op. at 422. Thus, a reasonable jury could have convicted Dean of manslaughter, a second-degree felony with a fifteen-year sentence, rather than second-degree felony murder, a first-degree felony with a maximum sentence of life. See § 775.082, Fla. Stat. (2004); majority op. at 423-24.
So, Dean wins a pyrrhic victory. He receives a favorable answer on manslaughter being a lesser included offense of second-degree felony murder, but he does not receive a new trial with a proper jury instruction on the lesser included offense of manslaughter. In my view, there would be a real possibility that the jury would have found him guilty of the lesser included offense, not as a result of the jurors disregarding their oath, but because the facts of this case could fit into manslaughter. Accordingly, I dissent from the decision to affirm Dean’s convictions. I concur, however, that Dean is entitled to resen-tencing after striking the PRR sentence.