POLSTON, J., dissenting.
Unlike the majority, I do not believe that the trial court's failure to give an unrequested attempted manslaughter by act instruction constitutes fundamental error. I would recede from this Court's holding in Walton v. State , 208 So.3d 60 (Fla. 2016).
Fundamental error is error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." State v. Delva , 575 So.2d 643, 644-45 (Fla. 1991) (quoting Brown v. State , 124 So.2d 481, 484 (Fla. 1960) ). And as Justice Canady has explained, "[i]n any case where the evidence supports the jury's verdict of guilt on the charged offense and no error was made in the instructions regarding that offense, it is hard to fathom how an error in an instruction [ (or a failure to give an instruction) ] regarding a lesser included offense would properly be considered an error without which 'a verdict of guilt could not have been obtained.' " Haygood v. State , 109 So.3d 735, 749 (Fla. 2013) (Canady, J., dissenting).
Here, because the evidence supports the jury's verdict of attempted second-degree murder and the jury was properly instructed regarding attempted second-degree murder, the defendant is not entitled to a new trial based upon the failure to instruct the jury on the lesser included offense. "No defendant has the right to a trial in which the judge facilitates the jury's acting in disregard of the law," which is what the majority's decision (and the jury pardon doctrine upon which it is based) promotes. Id.
Accordingly, I respectfully dissent.
CANADY and LAWSON, JJ., concur.