FLETCHER, Judge.
Trinity Kele Chaney appeals his conviction for second degree murder with a firearm, claiming various errors during his trial. For the reasons which follow, we affirm.
On March 17, 2001, at approximately 10:35 p.m., Chaney walked into the Cutler Ridge Police Station with blood spatter on his forehead and clothes. He told the officer at the front desk that he just shot someone in self-defense. A gun was retrieved from Chaney’s back pocket and he was placed in a holding cell. Miami-Dade police homicide detective Juan Capote was assigned to the case and transported Chaney to the department’s homicide office at approximately 12:30 a.m. where, after being advised of his Miranda rights, he signed a waiver form. At some point, Chaney asked Detective Capote if he thought Chaney needed a lawyer, to which the detective responded with the question “Do you think you need a lawyer?” Chaney was interrogated for several hours and a formal, recorded statement was taken from him before he was released to his parents.
After further investigation, Chaney was charged by information with murder in the second degree with a firearm. The police had difficulty serving Chaney with the arrest warrant. On April 19, 2001, Chaney was arrested during a traffic stop. He was very angry and screamed that his life *952 was over and he wanted to die. The police used pepper spray to subdue him.
At the police department, Chaney was still agitated and jittery. Detective Capote stated that he showed Chaney a Miranda warnings form and told him that they “had to go over this again.” Chaney refused to sign the form, stating that his dad was a cop and that he knew his rights. Detective Capote then proceeded with his second interrogation of Chaney.
Chaney claims error in the trial court’s denial of his motion to suppress the statements he gave to the police. With regard to the statement given during the first interrogation, Chaney argues that Detective Capote failed to make a good-faith effort to give a simple and straightforward answer to Chaney’s question as to whether he needed a lawyer, thus rendering the waiver involuntary. Chaney contends that Detective Capote’s response of “Do you think you need one?” was evasive and intended to steam roll the suspect much as the officers’ response in Almeida v. State, 737 So.2d 520 (Fla.1999).
We find that Detective Capote’s question in effect correctly informed Chaney that it was up to Chaney to decide whether or not he needed a lawyer. See State v. Glatzmayer, 789 So.2d 297 (Fla.2001)(telling suspect that decision as to whether he should have a lawyer was not theirs to make was simple, reasonable and true).
Chaney additionally contends that he did not validly waive his Miranda rights preceding the second interrogation on April 19, 2001. A careful review of the transcript of the suppression hearing leads to the conclusion that Chaney refused to listen to or sign the Miranda form which was offered to him. Therefore, the trial court did not err in refusing to suppress the statements.
Finally, we find that there was overwhelming evidence refuting Chaney’s claim that he was acting in self-defense. The judgment of conviction entered below is therefore affirmed.
GREEN, J., concurs.