970 So.2d 891 (2007)
Jose TEJEDA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3825.
District Court of Appeal of Florida, First District.
December 20, 2007.
Jose Tejeda, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
AFFIRMED.
BARFIELD and DAVIS, JJ., Concur.
BROWNING, C.J., Dissents With Separate Opinion.
BROWNING, C.J., dissenting.
I dissent as to ground I alleging that Appellant's counsel was ineffective for failure to pursue a motion to suppress his inculpatory statement made after inadequate Miranda warnings.
Florida case law requires that an evidentiary hearing be held here, as a motion to suppress Appellant's inculpatory statement would have been granted, contrary to the trial court's determination, had it been asserted. In Almeida v. State, 737 So.2d 520, 526 (Fla.1999), the Florida Supreme Court held that if, at any point during a custodial interrogation, a suspect asks a clear question concerning his or her right to counsel, the officer must stop the interview and make a good faith effort to give a simple and straightforward answer. Here, Appellant alleged that he asked the officers, *892 "Wouldn't it be better if I wait for my lawyer?" Based on the pertinent case law, this was a clear question concerning his rights. The officer's alleged response of "No not necessarily . . . it wouldn't make a difference . . . it would be better if you just confess" does not constitute a good faith effort to give a simple and straightforward answer. See State v. Soto, 954 So.2d 686, 688 (Fla. 4th DCA 2007) (holding that an officer's response of "[d]own there after you get booked" to a defendant's query about making a phone call to a lawyer was an evasive answer to a request for counsel); Isom v. State, 819 So.2d 154, 155 (Fla. 2d DCA 2002) (holding that an officer's answer of "No" was improper in response to a suspect asking, "I need a lawyer cause I was hitch-hiking?"). Cf. Chaney v. State, 903 So.2d 951, 952 (Fla. 3d DCA 2005) (holding an officer's response of "Do you think you need a lawyer?" correctly informed the defendant that it was up to the defendant whether or not he needed representation). The only argument I have heard for affirmance, that Appellant's motion was deficient for failure to allege Appellant did not advise his counsel of the Miranda violation, is specious at best. It is counsel's dutya fundamental oneto investigate a charge for a Miranda violation. Otherwise, the performance of a lawyer cannot be assessed on a post-conviction motion other than on the basis of his actions following representations from a client. I cannot accept such a premise, nor do the precedents authorize one.
I would REVERSE and REMAND for an evidentiary hearing on ground I and concur as to all other issues.