GERBER, J.
 

 The defendant was convicted of second degree murder. He appeals: (1) the denial of his motion to suppress alleged incriminating statements which he made during a police interview; (2) the denial of his motion to exclude evidence found on his person when he was arrested; and (3) the use of an erroneous standard jury instruction on the lesser-included offense of manslaughter. We affirm.
 

 In the motion to suppress, the defendant argued that an officer interviewing him allegedly failed to answer his question
 
 *34
 
 regarding his right to counsel. That portion of the interview, which occurred at approximately 3:00 a.m., transpired as the officer read from a prepared
 
 Miranda
 
 rights form:
 

 Q. Next one is, “You have the right to talk to an attorney/lawyer before talking to me, and have an attorney/lawyer here with you during questioning now or later. Do you understand?”
 

 A. Yeah. But how do, how will I get, able to get [an] attorney here now?
 

 Q. Do you have one? Okay. Did you understand that question?
 

 A. Yeah.
 

 Q. Okay. “If you cannot afford to retain your own attorney/lawyer and want an attorney, one will be appointed for you before we ask you any questions. Do you understand?”
 

 A. Yeah.
 

 According to the defendant, his question, “how do, how will I get, able to get [an] attorney here now?” sought information regarding his right to counsel, to which the officer failed to respond. The trial court denied the motion to suppress, orally finding that the officer answered the defendant’s question by asking “Do you have [an attorney]?” followed by the instruction that, if the defendant could not afford an attorney, one would be appointed for him before the officer asked him any questions. This appeal followed.
 

 “Generally, in reviewing a trial court’s ruling on a motion to suppress, [an appellate court] accords a presumption of correctness to the trial court’s findings of historical fact, reversing only if the findings are not supported by competent, substantial evidence, but reviews de novo whether the application of the law to the historical facts establishes an adequate basis for the trial court’s ruling.”
 
 Parker v. State,
 
 873 So.2d 270, 279 (Fla.2004) (citation and internal quotations omitted).
 

 We conclude that competent, substantial evidence supports the trial court’s finding, and that an adequate basis exists for the trial court’s ruling. The officer testified that he intended his question of whether the defendant had an attorney to indicate that he would have accommodated the defendant if the defendant had said “yes.” Because the defendant apparently gestured “no” in response (the interview was not videotaped), the officer told the defendant that, if he could not afford an attorney, one would be appointed for him before the officer asked him any questions. Based on that testimony, we conclude that the officer’s statements reasonably conveyed to the defendant that the way to “get [an] attorney here now” would be to request that an attorney be appointed.
 

 Our conclusion is bolstered by the fact that, following the officer’s response, the officer asked the defendant, “Do you understand?”, to which the defendant replied, “Yeah.” The defendant then confirmed his understanding by writing “yes” on a rights form which asked:
 

 • If you cannot afford to retain your own attorney/lawyer and want an attorney, one will be appointed for you before we ask you any questions. Do you understand?
 

 • If you decide to answer the questions now without an attorney present, you will still have the right to stop answering my questions at any time until you talk to an attorney. Do you understand?
 

 • Should you talk to me, anything you say can and will be used against you in a court of law. Do you understand?
 

 • Knowing and understanding your rights as I explained them to you, are you willing to answer my questions without an attorney present?
 

 
 *35
 
 We recognize that the officer could have responded to the defendant’s question with words to the effect, “If you have an attorney, you may call that person now, but if you do not have an attorney, you may request that one be appointed for you now.” However, in determining whether police officers have adequately conveyed
 
 Miranda
 
 warnings, the inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by
 
 Miranda. Florida v. Powell,
 
 — U.S. —, 130 S.Ct. 1195, 1204, — L.Ed.2d — (2010). Here, we conclude that the officer’s response, “If you cannot afford to retain your own attorney/lawyer and want an attorney, one will be appointed for you before we ask you any questions,” reasonably conveyed to the defendant his right to counsel as required by
 
 Miranda.
 

 The defendant’s reliance on
 
 Almeida v. State,
 
 737 So.2d 520 (Fla.1999), is misplaced. In
 
 Almeida,
 
 the following discussion transpired before the defendant made incriminating statements:
 

 Q. Do you wish to speak to me now without an attorney present?
 

 A. Well, what good is an attorney going to do?
 

 Q. Okay, well you already spoke to me and you want to speak to me again on tape?
 

 Q. [By second officer] We are, we are just going to talk to you as we talked to you before, that is all.
 

 A. Oh, sure.
 

 Id.
 
 at 522. Our state supreme court reversed for a new trial, reasoning that “[t]he officers ... ignored the [defendant’s] question and never attempted to give an answer.”
 
 Id.
 
 at 524. Here, however, the officer answered the defendant’s question, first by inquiring whether the defendant had an attorney, and then by advising the defendant that if he could not afford an attorney, one would be appointed for him before the officer asked him any questions.
 

 Those facts make this case closer to
 
 Chaney v. State,
 
 903 So.2d 951 (Fla. 3d DCA 2005). In
 
 Chaney,
 
 the defendant asked the interrogating detective if he thought the defendant needed a lawyer, to which the detective responded with the question, “Do you think you need a lawyer?” 903 So.2d at 951. After that, the defendant “really didn’t say anything.”
 
 Id.
 
 at 952 (Ramirez, J., dissenting.) The defendant then gave a recorded statement, which he later sought to suppress.
 
 Id.
 
 at 951-52. The defendant argued that the detective’s response of “Do you think you need a lawyer?” “was evasive and intended to steam roll the suspect much as the officers’ response in
 
 Almeida v. State,
 
 737 So.2d 520 (Fla.1999).”
 
 Id.
 
 at 951-52 (emphasis added). The third district disagreed, finding that “[the detective’s] question in effect correctly informed [the defendant] that it was up to [the defendant] to decide whether or not he needed a lawyer.”
 
 Id.
 
 (citing
 
 State v. Glatzmayer,
 
 789 So.2d 297, 305 (Fla.2001) (telling suspect that decision as to whether he should have a lawyer was not theirs to make was simple, reasonable, and true)).
 

 As in
 
 Chaney,
 
 the officer’s response here of “Do you have [an attorney]?” followed by the instruction that, if the defendant could not afford an attorney, one would be appointed for him before the officer asked him any questions, in effect correctly informed the defendant of how he could “get [an] attorney here now.” The officer’s response was “simple, reasonable, and
 
 true.” Glatzmayer,
 
 789 So.2d at 305 (emphasis in original). The officer did not engage in gamesmanship, try to give an evasive answer, skip over the question, or override or steamroll the defendant.
 
 Id.
 

 
 *36
 
 Regarding the motion to exclude evidence, we affirm without further comment. Regarding the manslaughter instruction, we affirm pursuant to our recent holding in
 
 Singh v. State,
 
 36 So.3d 848 (Fla. 4th DCA 2010). As in
 
 Singh,
 
 we find that the trial court’s use of the erroneous manslaughter instruction was not fundamental error because the instruction gave the jury two options on the crime’s second element: either that the defendant “intentionally caused the death” of the victim, or that the death of the victim “was caused by the culpable negligence” of the defendant.
 

 Affirmed.
 

 CIKLIN, J., and COX, JACK S., Associate Judge, concur.