DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICOLAS DOMINIQUE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D08-2031

[August 5, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles I. Kaplan, Judge; L.T. Case No. 05-17224CF10A.

Carey Haughwout, Public Defender, and Richard B. Greene and Patrick B. Burke, Assistant Public Defenders, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

*ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

The defendant appeals from his second-degree murder conviction. He argues, on remand from the Supreme Court of Florida, that the trial court fundamentally erred by giving an erroneous manslaughter by act instruction where the instruction pertained to a disputed element of the offense (his state of mind) and the error was pertinent or material to what the jury had to consider to convict him. We agree with the defendant's argument and reverse for a new trial.

At the trial, the state presented evidence that the defendant was outside of his former girlfriend's house when her new boyfriend arrived by car. When the new boyfriend exited his car, the defendant chased the new boyfriend down the street while firing a gun, shooting the new

boyfriend in the leg which caused him to fall, and then shooting the new boyfriend in the back of the head, killing him.

The state argued that the defendant's actions constituted first-degree murder. The defendant argued that his actions in chasing the new boyfriend down the street while firing his gun was, at worst, manslaughter by culpable negligence.

The trial court instructed the jury on first-degree murder, second-degree murder, manslaughter by act, and manslaughter by culpable negligence. The jury found the defendant guilty of second-degree murder.

On appeal to this court, the defendant argued that, pursuant to the Florida Supreme Court's decision in *State v. Montgomery*, 39 So. 3d 252, 259 (Fla. 2010), giving the erroneous standard jury instruction on manslaughter by act – requiring the jury to find the killing was intentional – was fundamental error because he was convicted of second-degree murder, an offense which did not require any intent to kill and which was not more than one step removed from manslaughter.

We affirmed the defendant's second-degree murder conviction in *Dominique v. State,* 40 So. 3d 33 (Fla. 4th DCA 2010). We held that giving the erroneous standard jury instruction on manslaughter by act was not fundamental error where the court also gave the accompanying manslaughter by culpable negligence instruction. *Id.* at 36.

The defendant petitioned for review in the Florida Supreme Court. While the defendant's petition was pending, the Supreme Court, in *Haygood v. State,* 109 So. 3d 735 (Fla. 2013), held:

> [G]iving the erroneous manslaughter by act instruction, which we found to be fundamental error in *State v. Montgomery,* 39 So. 3d 252 (Fla. 2010), is also fundamental error even if the instruction on manslaughter by culpable negligence is given where the evidence supports manslaughter by act but does not support culpable negligence and the defendant is convicted of second-degree murder.

*Id.* at 737. The Supreme Court reasoned, in pertinent part:

> We have long held that fundamental error occurs in a jury instruction where the instruction pertains to a disputed

2

element of the offense and the error is pertinent or material to what the jury must consider to convict.

*Id.* at 741 (citation omitted).

Following *Haygood*, the Supreme Court quashed our affirmance of the defendant's conviction in this case, and remanded his appeal to us for reconsideration in light of *Haygood*. *Dominique v. State,* No. SC10-1746, 2014 WL 7463710 (Fla. Dec. 30, 2014).

Following the Supreme Court's remand, we permitted the parties to submit supplemental briefs in light of *Haygood*.

The state argues it was not fundamental error for the trial court to have given the erroneous manslaughter by act instruction in this case because, unlike in *Haygood*, the defendant here argued that the evidence supported the accompanying manslaughter by culpable negligence instruction.

The defendant argues it was fundamental error for the trial court to have given the erroneous manslaughter by act instruction, regardless of whether the evidence supported the accompanying manslaughter by culpable negligence instruction, because, as the Supreme Court reasoned in *Haygood*, the erroneous manslaughter by act instruction pertained to a disputed element of the offense (the defendant's state of mind) and the error was pertinent or material to what the jury had to consider to convict him.

We agree with the defendant's argument. We recognize the state's factual distinction from *Haygood* that giving the erroneous manslaughter by act instruction is fundamental error where the evidence does not support the accompanying manslaughter by culpable negligence instruction, whereas here the evidence arguably supported the accompanying manslaughter by culpable negligence instruction. In fact, we already have applied that distinction in a recent post-*Haygood* case. *See Simon v. State*, 162 So. 3d 216, 217 (Fla. 4th DCA 2015) ("We need not consider supplemental arguments on remand because the evidence introduced at trial leaves no reasonable possibility for a finding that the death occurred due to the culpable negligence of the defendant.") (internal quotation marks omitted).

However, that factual distinction was not central to the Supreme Court's reasoning in *Haygood*. Instead, as cited above, central to the Supreme Court's reasoning in *Haygood* was that the erroneous

manslaughter by act instruction pertained to a disputed element of the offense (the defendant's state of mind) and the error was pertinent or material to what the jury had to consider to convict the defendant in that case. Similarly here, the erroneous manslaughter by act instruction pertained to a disputed element of the offense (the defendant's state of mind) and the error was pertinent or material to what the jury had to consider to convict the defendant in this case. Thus, fundamental error occurred.

The Supreme Court's central reasoning in *Haygood* is what distinguishes this case from the post-*Haygood* case upon which the state relies, *Berube v. State*, 149 So. 3d 1165 (Fla. 2d DCA 2014). In *Berube*, the Second District held that giving the erroneous manslaughter by act instruction along with an accompanying manslaughter by culpable negligence instruction was not fundamental error where the defendant's theory of defense was misidentification, not that he lacked the requisite state of mind. *Id.* at 1174-75. Thus, in *Berube*, the erroneous manslaughter by act instruction did not pertain to a disputed element of the offense (identity) and the error was not pertinent or material to what the jury had to consider to convict the defendant in that case. Here, the erroneous manslaughter by act instruction pertained to a disputed element of the offense (the defendant's state of mind) and the error was pertinent or material to what the jury had to consider to convict the defendant in that case.

Moreover, *Berube*'s viability is questionable. After the Second District issued *Berube*, our Supreme Court, in *Griffin v. State*, 160 So. 3d 63 (Fla. 2015), held that giving the erroneous manslaughter by act instruction was fundamental error even where the sole defense was misidentification. According to the Court: "[A] sole defense of misidentification does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is unlawful homicide." *Id.* at 67. The Court reasoned: "It defies logic to conclude that expressly disputing the identity of the perpetrator and remaining silent on the remaining elements of the crime would concede all the elements but identity. The State's burden of proof does not change simply because the defendant speaks up and contests one element, such as his identity as the perpetrator." *Id.* at 68. Given the Court's holding and reasoning, we question *Berube*'s viability.

In fact, the Second District, after considering *Griffin*, implicitly appears to have receded from *Berube* in *Gland v. State*, 40 Fla. L. Weekly D1343 (Fla. 2d DCA June 5, 2015), where our sister court held:

[T]he reasoning applied in *Griffin* compels the same result here where [the defendant] too challenged only his identity as the perpetrator but did not concede any other elements of the charged offense. We therefore conclude that the trial court committed fundamental error in giving the standard jury instruction on the lesser included offense of manslaughter by act. [The misidentification] defense did not remove the intent issue from the jury's consideration, and the giving of the instruction on manslaughter by culpable negligence was not sufficient to correct the error.

(citation omitted).

Based on the foregoing, we reverse and remand for a new trial on the charge of second-degree murder. We further instruct the trial court that if the outcome of the proceedings on remand would result in a recalculated sentencing scoresheet, then the trial court shall consider a revised scoresheet and resentence the defendant.

In reaching our decision, we certify conflict with a recent Third District opinion, *Dawkins v. State*, 40 Fla. L. Weekly D1426 (Fla. 3d DCA June 17, 2015), in which our sister court addressed the instant issue, albeit in the context of denying a petition for writ of habeas corpus alleging ineffective assistance of counsel where counsel failed to move for rehearing based on *Haygood*. The defendant argued that his second-degree murder conviction must be reversed because the erroneous manslaughter by act instruction was read to the jury, and pursuant to *Haygood,* the additional instruction on manslaughter by culpable negligence did not cure the error. The Third District, in denying the petition, reasoned:

Upon review of the record in [the defendant's] case, there was conflicting testimony regarding intent, and although [the defendant] did not rely on a culpable negligence defense, the record shows there existed, in all of the disputed evidence below, some evidence from which the jury reasonably could have found [the defendant] guilty of manslaughter by culpable negligence, in contrast to the facts in *Haygood.* With that in mind, where the jury was also instructed in manslaughter by culpable negligence *and the evidence could reasonably support so finding,* the error in giving the flawed *Montgomery* manslaughter by act instructions was not per se fundamental error.

5

(internal citations omitted).

In contrast to the Third District, under our reading of the evolving precedent from *Montgomery* to *Haygood* to *Griffin*, giving the manslaughter by culpable negligence instruction cannot under any circumstance cure the fundamental error caused by giving the erroneous manslaughter by act instruction, even where the evidence reasonably could support a finding of manslaughter by culpable negligence.

*Reversed and remanded for proceedings consistent with this opinion; conflict certified.*

CIKLIN, C.J., and STEVENSON, J., concur.[1]

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Judge Stevenson has substituted for Associate Judge Jack S. Cox, who served on the panel which issued *Dominique v. State,* 40 So. 3d 33 (Fla. 4th DCA 2010).