DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEROY SINGH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D08-2171

[January 20, 2016]


Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Eileen M. O'Connor, Judge; L.T. Case No. 06-14626 CF10A.

Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.

Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.

*ON REMAND FROM
THE FLORIDA SUPREME COURT*

PER CURIAM.

After we affirmed the appellant's conviction on direct appeal, the Florida Supreme Court quashed our opinion and remanded for reconsideration in light of its opinion in *Haygood v. State*, 109 So. 3d 735 (Fla. 2013). *Singh v. State*, 160 So. 3d 898 (Fla. 2014). Based on *Dominique v. State*, 171 So. 3d 204 (Fla. 4th DCA 2015), *rev. granted*, Case No. SC15-1613, 2015 WL 7890599 (Fla. Nov. 25, 2015), which analyzed *Haygood* and other pertinent case law, we reverse and remand for a new trial.

The appellant was convicted of second-degree murder with a firearm, a lesser of the charged offense of first-degree murder with a firearm. On appeal, he argued that the standard jury instruction for the lesser included offense of manslaughter by act constituted fundamental error

because the instruction suggests that intent to kill is an element of manslaughter by act and precluded the jury from returning a verdict for manslaughter if it believed the defendant did not intend to kill the victim. We affirmed, reasoning that the fundamental error was cured by the portion of the instruction giving the jury the option of finding the defendant guilty of manslaughter by culpable negligence. *Singh v. State*, 36 So. 3d 848, 851 (Fla. 4th DCA 2010) (*"Singh I"*).

After our opinion issued, the Florida Supreme Court released its opinion in *Haygood*, 109 So. 3d 735, in which it held:

[G]iving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.

*Id.* at 743. Based on *Haygood*, the supreme court quashed our decision in *Singh I* and remanded for reconsideration. *See Singh*, 160 So. 3d 898.

On remand, the state argues that *Haygood* does not require reversal because the state presented evidence at trial that would have supported a finding of culpable negligence. This argument has been foreclosed by *Dominique*, 171 So. 3d 204, where this court concluded, after considering the "evolving precedent" on the issue, that "giving the manslaughter by culpable negligence instruction cannot *under any circumstances* cure the fundamental error caused by giving the erroneous manslaughter by act instruction, even where the evidence reasonably could support a finding of manslaughter by culpable negligence." *Id.* at 207 (emphasis added). Accordingly, we reverse and remand for a new trial on the charge of second-degree murder.

*Reversed and remanded for proceedings consistent with this opinion.*

CIKLIN, C.J., STEVENSON and GERBER, JJ, concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**